FILED

2026 May-18  PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BRITTNEY YARBROUGH,

    **Plaintiff**,

**v.**

EXPERIAN INFORMATION
SOLUTIONS INC.,

    **Defendant**.

Case No. 5:25-cv-1194-HDM

## MEMORANDUM OPINION AND ORDER

Plaintiff Brittney Yarbrough sues Defendant Experian Information Solutions Inc. ("Experian") for alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 1-1). This case comes before the court on Experian's Motion for Judgment on the Pleadings, (doc. 14), which the court will **GRANT IN PART** and **DENY IN PART**.

## BACKGROUND

Congress enacted the FCRA, 15 U.S.C. §§ 1681–1681x, to regulate the furnishing of credit reports by consumer reporting agencies ("CRAs"), such as Experian. 15 U.S.C. § 1681(a). CRAs "assembl[e] . . . consumer credit information or other information on consumers for the purpose of furnishing consumer reports

to third parties." *Id.* § 1681a(f). The FCRA recognizes that "the banking system is dependent upon fair and accurate reporting" and that CRAs have "assumed a vital role in assembling and evaluating consumer credit and other information on consumers." *Id.* § 1681(a)(3).

Yarbrough asserts several FCRA claims against Experian based on its alleged mishandling of her personal and account information. (Doc. 1-1). Experian moves for judgment on the pleadings on these claims, (doc. 14), and the matter is now ripe for review.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: whether the count stated a claim for relief." *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (internal quotation marks and citation omitted). The pleading standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether [her] complaint was sufficient to cross the federal court's threshold." *Id.* at 529–30 (internal quotation marks and citations omitted). To survive a motion for

judgment on the pleadings, the plaintiff need only produce "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Twombly*, 550 U.S. at 555. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

## DISCUSSION

Yarbrough brings four claims against Experian under the FCRA: (1) violations of 15 U.S.C. § 1681e(b) for failure to follow reasonable procedures to assure the maximum possible accuracy of her credit report; (2) violations of 15 U.S.C. § 1681g for failure to provide her with her full file disclosure as requested; (3) violations of 15 U.S.C. § 1681i for failure to conduct a reasonable reinvestigation into disputed information on her credit report, refusal to provide her with a

description of its reinvestigation procedures as requested, and failure to add her requested consumer statement to her file; and (4) violations of 15 U.S.C. § 1681b for failure to ensure a permissible purpose existed before furnishing her report to non-party Discover Financial Services ("Discover"). (Doc. 1-1). Experian seeks to have each of these counts dismissed for failing to state a claim upon which relief can be granted. (Doc. 14 at 1).[1]

## I.    Count I: Violations of FCRA § 1681e(b) for failure to follow reasonable procedures to assure maximum possible accuracy

First, in Count I, Yarbrough alleges that Experian violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of her credit report. (Doc. 16 at 19–20). She alleges that Experian's failure

---

[1] Yarbrough argues that the court should convert Experian's motion for judgment on the pleadings into a motion for summary judgment because "Experian's motion repeatedly relies on factual assertions and extrinsic materials outside the pleadings, including explanations of its internal data codes, payment-status logic, and alleged account-level information." (Doc. 16 at 4); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (noting that Rule 12(c) "contains a conversion provision" allowing a court to treat a motion for judgment on the pleadings as a motion for summary judgment). Specifically, Yarbrough points out that Experian asserts that certain notations on her credit report—"ND" and checkmarks—stand for "No Data" and "current/terms met." (Doc. 16 at 15). "[I]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *Horsley*, 304 F.3d at 1134 (brackets omitted). But "[a] court may consider documents that are attached to a complaint when ruling on a motion for judgment on the pleadings" without converting it to a motion for summary judgment. *Pass v. Principal Life Ins. Co.*, 561 F. Supp. 3d 1318, 1323 (S.D. Fla. 2021) (citing *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014)). The annotated credit report that Yarbrough attached to the Complaint contains a legend noting that "ND" means "No data for this period" and a check mark means "Current" or "Terms met." (*See* Doc. 1-1 at 35). Accordingly, this is not extrinsic material, but is rather part of the pleading, and there is no need to convert Experian's motion for judgment on the pleadings into a motion for summary judgment.

to do so is evidenced by both its inclusion of incorrect information—social security numbers, names, phone numbers, and addresses—in her credit report, as well as its omission of important information from her credit report. (Doc. 1-1 at 19–21).

To state a claim under § 1681e(b), a plaintiff must plausibly allege an actionable inaccuracy. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020). The "plaintiff must show at least two things: that a *consumer report* was inaccurate and that the inaccurate report caused [her] to suffer damages." *Id.* (emphasis added). A "consumer report" is a report about a consumer that a CRA, such as Experian, issues to a third party that "bear[s] on a consumer's creditworthiness, credit standing [and] credit capacity" for the purpose of allowing said third party to evaluate the consumer's eligibility for credit, insurance, or employment. 15 U.S.C. § 1681a(d)(1).

Personal identifying information does not constitute a consumer report and is instead generally nonactionable "header information." *Gray v. Experian Info. Sols., Inc.*, No. 8:23-cv-981, 2023 WL 6895993, at *3 (M.D. Fla. Oct. 19, 2023); *see also Daniels v. Experian Info. Sols., Inc.*, No. CV 109-017, 2009 WL 1811548, at *4 (S.D. Ga. June 24, 2009) ("[A] consumer report does not include the consumer's name, address, SSN, or phone number."); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1313 (N.D. Ga. 2019) (holding that personal identifying information stolen from a reporting agency during a data breach was not

a "consumer report" under the FCRA). This is because it "does not typically have any bearing on a consumer's creditworthiness." *Gray*, 2023 WL 6895993, at *3.

This does not, however, "foreclose the possibility that personal identifying information could function as a consumer report depending on the context," *id.*, and courts have found that such information may support a claim under the FCRA if accompanied by a plus factor. For instance, a New York District Court held that the inclusion of an incorrect social security number was part of a "credit report" because a disclaimer was included alongside the social security number, indicating that the plaintiff had submitted or used a fake social security number at some point. *Runyon v. ClearStar, Inc.*, No. 24-CV-1519, 2025 WL 1530582, at *5 (E.D.N.Y. May 29, 2025). The court held that this indication of dishonesty had some bearing on the consumer's character and thus was part of a credit report. *Id.*

Here, Yarbrough alleges that Experian included incorrect social security numbers, names, addresses, and phone numbers in her credit file. (*See* Doc. 1-1 at 29–31). And although she alleges that "[t]he presence of false or alternate SSNs suggests to anyone viewing a credit report that [Yarbrough] previously applied for credit using multiple SSNs, and thus engaged in fraudulent conduct," *id.* at 11, she does not allege any plus factor—such as the disclaimer in *Runyon*—that would turn nonactionable header information into information bearing on her character or creditworthiness in a manner sufficient to support a FCRA claim. Accordingly,

6

Yarbrough fails to plausibly allege that the information would mislead a reasonable user in a way bearing on creditworthiness, and thus, the errors are not actionable under § 1681e(b). *See Erickson*, 981 F.3d at 1251; *Gray*, 2023 WL 6895993, at *3.

As to the information omitted from Yarbrough's file, "'[CRAs] are not required to include all existing or derogatory or favorable information about a consumer in their reports.'" *Davis v. Equifax Info. Servs., LLC*, 346 F. Supp. 2d 1164, 1172 (N.D. Ala. 2004). Further, the omission of credit information does not make a credit report inaccurate or misleading because "[b]usinesses relying on credit reports have no reason to believe that a credit report reflects all relevant information on a consumer. Indeed, such a requirement would be impossible for a CRA to satisfy, as creditors furnish CRAs with consumer information only on a voluntary basis." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020). Accordingly, in the absence of plausible allegations that the omission of certain account information is factually incorrect or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions," *id.*, Yarbrough has not alleged an actionable inaccuracy on her credit report.[2]

---

[2] Yarbrough, in her Response to Experian's Motion for Judgment on the Pleadings, states that "Plaintiff alleges that Experian possessed the payment and balance data but failed to report it, resulting in an incomplete and misleading credit history." (Doc. 16 at 7). As Experian points out in its Reply, the Complaint does not contain such an allegation. (Doc. 18 at 6).

Moreover, it is not plausible that "No Data" notations are inaccurate or misleading. According to the legend included in the credit report, "ND" stands for "No data for this period." (*See, e.g.*, Doc. 1-1 at 35). Yarbrough has not alleged any facts from which the court could find that reporting "ND" notations is "factually incorrect," meaning that Experian actually has the data for the period at issue. Nor has she plausibly alleged that the "ND" notations are "objectively likely to mislead its intended user." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367–68 (11th Cir. 2024) (internal quotation marks omitted). Indeed, "[i]t is not reasonable to understand 'No data' and 'Not reported' to mean anything but that Experian did not possess that data. It is not reasonable to infer that Experian's use of these codes would cause a third party to reach adverse conclusions regarding [Yarbrough's] credit." *Santos v. Experian Info. Sols., Inc.*, No. 21-cv-117, 2021 WL 4034801, at *4 (D. Minn. Sept. 3, 2021).

Accordingly, Yarbrough has failed to plausibly allege that Experian violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of her credit report, and Count I is due to be dismissed.

## II.     Count II: Violations of FCRA § 1681g for failure to provide full file disclosure

Second, Yarbrough brings a claim under § 1681g of the FCRA, claiming that Experian did not provide her with her full file as requested. (Doc. 1-1 at 17–18, 20–21). This claim appears to be based on Experian's failure to turn over unredacted

8

social security numbers which it incorrectly included in Yarbrough's file, *id.*, ¶ 30, and on other unspecified "missing data," *id.*, ¶ 67.

Insofar as Yarbrough's complaint is based on unspecified "missing data," her bald assertion that "there are numerous accounts with missing data, even though Defendant Experian has this data," *id.*, ¶ 67, is insufficient to plausibly allege that Experian is withholding data, because she must "'point to what information is actually missing from what [she] received from [Experian] or what specific facts lead [her] to accuse [Experian] of failing to meet [its] disclosure requirements under the FCRA.'" *Rawls v. Trans Union, LLC*, No. 1:24-cv-3157, 2025 WL 1275827, at *5 (N.D. Ga. Jan. 28, 2025), *report and recommendation adopted*, No. 1:24-cv-03157, 2025 WL 1277846 (N.D. Ga. Feb. 18, 2025) (citations omitted); *see also Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018) ("Plaintiff does not point to what information is actually missing from what [s]he received from Defendants or what specific facts lead him to accuse Defendants of failing to meet their disclosure requirements under the FCRA. . . . The speculative guesswork in the Amended Complaint renders the pleading incapable of withstanding a motion to dismiss."). Yarbrough provides no "specific facts" to support her accusation that Experian has withheld data and simply—but vaguely— asserts that Experian "has that data." (*See* Doc. 1-1, ¶ 67). Her conclusory statement does not render her claim plausible. *See Davis v. Cap. One Auto Fin.*, No. 1:17-cv-

1706, 2017 WL 9477694, at \*4 (N.D. Ga. Aug. 18, 2017), *report and recommendation adopted*, No. 1:17-cv-1706, 2017 WL 4129647 (N.D. Ga. Sept. 18, 2017) ("Because the Amended Complaint merely speculates as to the possibility that defendant violated the FCRA and fails to present 'enough facts to raise a reasonable expectation that discovery will reveal' unlawful conduct, that claim fails as a matter of law." (quoting *Twombly*, 550 U.S. at 556)); *Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, No. 09-80932-CIV, 2010 WL 1524289, at \*2 (S.D. Fla. Apr. 14, 2010) (stating that "the Complaint fails to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FCRA" and the plaintiff's "guess work does not provide a proper basis for bringing suit"); *Hinkle v. CBE Grp.*, No. CV 311-091, 2012 WL 681468, at \*3 (S.D. Ga. Feb. 3, 2012), *report and recommendation adopted*, No. CV 311-091, 2012 WL 676267 (S.D. Ga. Feb. 29, 2012) (concluding the amended complaint failed to satisfy *Twombly*'s pleading standard because its factual matter established nothing beyond speculation as to a violation of the FCRA).

By contrast, Yarbrough's allegation that Experian's failure to turn over unredacted social security numbers does plausibly plead a violation of § 1681g. Yarbrough alleges that "[w]hile Experian included the full 9-digits of the alternate [social security numbers] to lenders who requested [her] credit report, Experian only provided a truncated version to [Yarbrough] on [her] consumer disclosures." (Doc.

10

1-1, ¶ 29). Yarbrough also alleged that "[d]isclosing to a consumer 'alternate' [social security numbers], while redacting all digits except for the last four, makes it virtually impossible for a consumer to investigate how, or why, these 'alternate' [social security numbers] are contained in their credit file." *Id.*, ¶ 30.

"The plain language of the statute requires that the consumer reporting agency shall 'clearly and accurately disclose to the consumer *all information in the consumer's file*[3] at the time of the request.'" *Harris v. TransUnion, LLC*, No. 1:25-cv-192, 2025 WL 3306434, at *6–7 (N.D. Ga. Oct. 20, 2025) (quoting 15 U.S.C. § 1681g) (emphasis added and brackets omitted). The social security numbers at issue are part of Yarbrough's own file, so, based on a plain reading of the statute, they must be turned over to Yarbrough if she so requests. *See Harris*, 2025 WL 3306434, at *6–7 (denying dismissal of a claim under § 1681g where the plaintiff "specifically alleges that Defendant's disclosure 'concealed key account details by providing only masked and incomplete account numbers, preventing Plaintiff from verifying and disputing reported accounts.'"). Yarbrough's allegation that Experian turned over the full social security numbers to third parties, (doc. 1-1, ¶ 29), is also relevant, *see Harris*, 2025 WL 3306434, at *7 (finding that the defendant's arguments for dismissal were not persuasive where the plaintiff alleged, among other things, "that

---

[3] A "consumer's file" is broader than a consumer's "report." *See* Count III(A), *supra*.

the full [account] numbers and histories were in fact . . . supplied by Defendant to third parties in consumer reports about Plaintiff").

Much like in *Harris*, where "[i]n the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court [found] that Plaintiff . . . stated a plausible claim," *id.*, in the absence of any precedent stating that a truncated social security number is exempt from the plain text of the statute, Yarbrough has stated a plausible claim for relief under § 1681g.

### III.   Count III: Violations of FCRA § 1681i

Third, Yarbrough alleges that Experian violated § 1681i in three ways: by (1) failing to conduct a reasonable reinvestigation into disputed information on her credit report; (2) refusing to provide her with a description of its reinvestigation procedures as requested; and (3) failing to add her requested consumer statement to her file. (Doc. 16 at 22–24). The court will address each of these in turn.

#### A. Failure to conduct a reasonable reinvestigation into disputed information

To state a claim under § 1681i(a)(1)(A), Yarbrough must allege that her "credit file contained a factual inaccuracy, that the CRA failed to conduct a reasonable reinvestigation, and that damages followed." *Barwick v. Regions Bank*, No. 7:22-cv-01481, 2024 WL 1608744, at *9 (N.D. Ala. Apr. 12, 2024). Here, Yarbrough alleges that Experian failed to reasonably reinvestigate the disputed personal identifying information on her credit report. (Doc. 1-1, ¶¶ 90–93). The

12

elements of a claim under § 1681i are the same as the elements of a claim under § 1681e—failure to follow reasonable procedures to assure maximum possible accuracy—with one main exception. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). Section 1681i, unlike § 1681e, "focuses on the consumer's credit 'file' rather than [her] credit 'report.'" *Id.*

Experian argues that because the allegedly inaccurate personal identifying information is header information and thus not part of Yarbrough's credit report, *see* Count I, *supra*, it does not constitute an actionable inaccuracy for purposes of either § 1681e or § 1681i, (doc. 14 at 6). While the court agreed that Yarbrough had not plausibly alleged that these inaccuracies were actionable for purposes of § 1681e, it does not follow that they are not actionable inaccuracies for purposes of § 1681i.

"[T]he plain language of section 1681i applies the reinvestigation duty to 'the completeness or accuracy of *any item of information contained in a consumer's file.*'" *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1336 n.4 (S.D. Fla. 2011) (quoting and adding emphasis to § 1681i(a)(1)(A)). There is an "important distinction in . . . the difference in the FCRA's definitions of the terms 'consumer report' and 'file.'" *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1334 (11th Cir. 2015). "[T]he term 'file,' when used in connection with information on any consumer, means all of the information on that consumer *recorded and retained by a consumer reporting agency* regardless of how the information is

13

stored." *Id.* at 1334–35 (quoting 15 U.S.C. § 1681a(g)). "A file is simply the information [on a consumer] retained by a consumer reporting agency." *Id.* at 1335. A "consumer report," in contrast, is defined as "any written, oral, or other *communication* of any information by a consumer reporting agency bearing on a consumer's creditworthiness." *Id.* at 1334 (quoting 15 U.S.C. § 1681a(d)(1)). "A 'consumer report' requires communication to a third party, while a 'file' does not." *Id.* at 1335. As another district court in this circuit held,

> [S]ection 1681i(a) does not directly concern the accuracy of *reports* but instead creates an obligation for the CRA to maintain an accurate *file.* When the scope of each provision is considered—information in a consumer's file versus in a consumer report—the redundancy between the two provisions . . . is reduced.

*Lazarre*, 780 F. Supp. 2d at 1336 n.5. Accordingly, in the absence of precedent holding otherwise, information in a plaintiff's file is subject to § 1681i even if it is not part of their "consumer report" for purposes of § 1681e.

Yarbrough alleges that Experian included incorrect personal identifying information, including social security numbers, in her consumer file, (doc. 16, ¶ 26), that she requested that Experian investigate the inaccuracies, *id.*, ¶¶ 61, 90, that Experian failed to do so, *id.*, ¶¶ 61, 92, 95, and that she suffered damages as a result, *id.*, ¶ 103. These allegations plausibly allege a claim under § 1681i. *See Barwick*, 2024 WL 1608744, at *9.

14

**B. Refusal to provide Yarbrough with a description of reinvestigation procedures**

As to Yarbrough's second allegation under § 1681i—that Experian refused to provide her with a description of its reinvestigation procedures—Experian relies on the same arguments as above, *see* Count III(A), *supra*, namely, that an inaccuracy in header information does not constitute an actionable inaccuracy because it is not part of the consumer report, (doc. 14 at 12). But as explained above, the credit file is broader than the credit report, and Yarbrough has plausibly pled an actionable inaccuracy in her credit *file* under § 1681i. Accordingly, she has plausibly pled that Experian owed her a description of its reinvestigation procedures, 15 U.S.C. §§ 1681i(a)(6)(B)(iii), 1681i(a)(7), which it then refused to provide, (doc. 1-1 at 99). This is sufficient to plausibly allege a claim under § 1681i.

**C. Refusal to add Yarbrough's consumer statement**

Yarbrough's third allegation under § 1681i—that Experian failed to add her requested consumer statement to her file—is flawed. The FCRA provides that "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). This means that to state a claim under this section of the FCRA, "a consumer must show that (1) [s]he disputed an item in [her] file, (2) the CRA's reinvestigation did not resolve the dispute, (3) [s]he *thereafter* requested a statement of dispute be included in future reports, and (4) the CRA failed to include the requested statement in subsequent

15

copies of [her] consumer reports." *Tuttobene v. Trans Union, LLC*, No. 2:19-cv-1999, 2021 WL 2188232, at *4 (D. Nev. May 28, 2021) (emphasis added). Accordingly, "[t]he statement of dispute must be filed *after* the completion of the reinvestigation." *Akins v. Valley Proteins, Inc.*, No. 2:21-CV-193-Z, 2022 WL 2292729, at *8 (N.D. Tex. June 23, 2022) (emphasis added).

Yarbrough does not allege that she requested a statement of dispute be added after Experian completed its reinvestigation. Indeed, Yarbrough's dispute letter shows that she requested her statement of dispute be added to her credit report before Experian ever began its reinvestigation, (doc. 1-4 at 29), and she makes no allegation that she renewed or maintained the request after reinvestigation concluded. Thus, her claim here fails and is due to be dismissed.

## IV.    Count IV: Violations of FCRA § 1681b for failure to ensure a permissible purpose.

Finally, Yarbrough claims that Experian violated FCRA § 1681b for failure to ensure a permissible purpose existed before furnishing her report to Discover. "To plead a claim for a violation of Section 1681b(a), a plaintiff must plead that (1) a CRA (2) furnished the plaintiff's consumer report (3) to a person (4) that the CRA did not have reason to believe intended to use the information for a permissible purpose." *Delevante v. Trans Union, LLC*, No. 1:24-cv-5014, 2024 WL 5337429, at *5 (N.D. Ga. Dec. 27, 2024), *report and recommendation adopted*, No. 1:24-cv-

5014, 2025 WL 1277850 (N.D. Ga. Jan. 24, 2025) (internal quotation marks omitted). Here, Yarbrough alleges the following:

> Defendant obtained and/or furnished Plaintiff's consumer report without a permissible purpose under 15 U.S.C. § 1681b. Plaintiff did not apply for credit, authorize any entity to pull their credit report, or otherwise provide consent for Defendant to release their consumer report to Discover Financial Services. Defendant failed to ensure that a permissible purpose existed before releasing or furnishing Plaintiff's consumer report.

(Doc. 1-1, ¶¶ 107–09).

Experian argues that because Yarbrough does not specifically, and in those words, allege that Experian did not have a reason to believe Discover intended to use her credit report for a permissible purpose, her claim must be dismissed. (Doc. 14 at 14). The fact that Yarbrough "did not authorize any entity to pull [her] credit report, or otherwise provide consent for [Experian] to release [her] consumer report to Discover," *id.*, ¶ 108, does not, alone, plausibly allege a violation because "[t]he plaintiff's consent is not required if a report is obtained for a permissible purpose[] under § 1681b(a)(3)," *Ware v. All. One Receivables Mgmt.*, No. 1:13-cv-369, 2012 WL 12382901, at *3 (N.D. Ga. Sept. 9, 2013), *report and recommendation adopted*, No. 1:13-cv-369, 2013 WL 12382922 (N.D. Ga. Nov. 25, 2013); *see also Gary v. Experian Info. Sols., Inc.*, No. 1:22-cv-1813, 2023 WL 2175751, at *4–5 (N.D. Ga. Jan. 9, 2023), *report and recommendation adopted*, No. 1:22-cv-1813, 2023 WL 2175753 (N.D. Ga. Feb. 3, 2023) ("To the extent Plaintiff asserts that Experian is

17

liable simply because it furnished a report without [her] consent, [her] claim is subject to dismissal."). That Yarbrough did not apply for credit is likewise insufficient, on its own, to plausibly allege that Discover did not have a permissible purpose (or that Experian did not have reason to believe it did). Yarbrough need not have applied for credit for Experian to have lawfully furnished her consumer report—the FCRA lists the permissible purposes for which a requesting party may use a consumer report, and the extension of credit is only one of them. 15 U.S.C. § 1681b(a)(3).

However, at the pleading stage, Yarbrough need not rule out every conceivable permissible purpose, but must only allege enough facts to render the absence of such a purpose plausible. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) ("It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible.") (internal quotation marks and brackets omitted); *Miyahira*, 715 F.3d at 1265 (holding that the plaintiff must merely produce "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements). Taken together, Yarbrough's allegations are sufficient to withstand dismissal.

There is a significant information asymmetry at this stage in the proceedings between Yarbrough and Experian, with only Experian knowing why it provided Yarbrough's credit report to Discover. Yarbrough can only plead what she knows,

and, pre-discovery, all she knows is that she "did not apply for credit, authorize any entity to pull [her] credit report, or otherwise provide consent for Defendant to release [her] consumer report to Discover." (Doc. 1-1, ¶ 108). She further alleges that Discover obtained her report "without a permissible purpose," and from that she extrapolates that Experian failed to ensure that a permissible purpose existed before turning her credit report over to Discover. *Id.*, ¶¶ 107–09.

Taken in the light most favorable to Yarbrough, the allegations permit the reasonable inference that Experian lacked a basis to believe a permissible purpose existed, and at this stage in the pleadings, that is sufficient. The failure to recite the precise legal language is not, by itself, grounds for dismissal where the factual allegations permit a plausible inference of liability. Accordingly, Yarbrough has plausibly alleged a violation of § 1681b for failure to ensure a permissible purpose.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings, (doc. 14), is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **DENIED** with respect to:

**Count II**,

**Count III(A)** (§ 1681i(a)(1)(A)),

**Count III(B)** (§ 1681i(a)(7)), and

**Count IV**,

19

and **GRANTED** as to:

    **Count I**, and

    **Count III(C)** (§ 1681i(b)),

and those claims are **DISMISSED WITHOUT PREJUDICE**.

    **DONE** and **ORDERED** on May 18, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE